**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**No. 20-2087**

_____

CARRIE D. RANDA,

        Plaintiff - Appellant,

    v.

MERRICK B. GARLAND, Attorney General,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cv-00019-FL)

_____

Submitted: March 26, 2021                                Decided: April 9, 2021

_____

Before MOTZ, AGEE, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John P. O'Hale, LAW OFFICE OF JOHN P. O'HALE, P.A., Smithfield, North Carolina; Joseph E. Zeszotarski, Jr., GAMMON, HOWARD, & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Daniel P. Shean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carrie D. Randa appeals the district court's order granting summary judgment to Merrick B. Garland, the Attorney General, on her employment discrimination and retaliation claims raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.[1]  Finding no error, we affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015).  "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)).  "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).  In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted).  However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

---

[1] Although Garland is the appropriate defendant pursuant to Title VII, Randa was formerly employed as an Assistant United States Attorney ("AUSA") with the United States Attorney's Office for the Eastern District of North Carolina ("USAO").

Randa proceeded under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). Under *McDonnell Douglas*, Randa was first required to:

> demonstrate[] a prima facie case of [sex or pregnancy] discrimination by showing that (1) [s]he is a member of a protected class; (2) [s]he suffered [an] adverse employment action; (3) [s]he was performing h[er] job duties at a level that met h[er] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.

*Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007). To establish a prima facie case of retaliation, a plaintiff is required to "show (1) that she engaged in protected activity; (2) that her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs*, 780 F.3d at 578 (brackets and internal quotation marks omitted). The USAO then must proffer a legitimate, nondiscriminatory and nonretaliatory reason for Randa's termination. *Id.*; *Holland*, 487 F.3d at 214. Finally, Randa had the burden to show that the USAO's legitimate reason was, in fact, a pretext for intentional discrimination or retaliation. *Jacobs*, 780 F.3d at 578; *Holland*, 487 F.3d at 214.

The district court correctly concluded that Randa was not meeting the USAO's legitimate performance expectations. To establish the third prong of the prima facie case, "a plaintiff must show only that [s]he was qualified for the job and that [s]he was meeting h[er] employer's legitimate expectations." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019). In considering whether an employee was meeting her employer's legitimate performance expectations, "it is the perception of the decision maker which is

relevant, not the self-assessment of the plaintiff." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) (alterations and internal quotation marks omitted). Thus, an employee's own testimony about her job performance does not create a genuine issue of material fact as to whether she was meeting her employer's legitimate expectations. *See King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003).

Although Randa received a successful performance rating, Dennis Duffy, Randa's second-line supervisor, identified several errors in Randa's work and instructed her to correct these mistakes. Despite receiving such instruction, Randa repeated the errors. And the errors that Duffy identified were significant and could have affected the outcome of cases she prosecuted. Thus, despite Randa's successes in other cases, the USAO expressed reasonable concern about her failure to learn from these mistakes, her ability to be an effective advocate for the Government, and the lack of professionalism exhibited by her social media posts.

Although Randa points to her immediate supervisor Jane Jackson's testimony to support her claims, Jackson's statements do not call into question her termination. While Jackson believed that Duffy's comments were harsh, she also testified that they were accurate. Additionally, Jackson herself noted in her comments that Randa needed to proofread her work before submitting it to management for approval. Finally, while one of Randa's coworkers submitted a declaration attesting that Randa was a competent prosecutor, this does not call into question the USAO's conclusion that she was not. *See*

4

*King*, 328 F.3d at 149-50, 153-54. Thus, the district court did not err in rejecting Randa's discrimination claim.[2]

We likewise conclude that Randa failed to establish a prima facie case of retaliation.

> As [we have] held, no causal connection can exist between an employee's protected activity and an employer's adverse action if the employer was unaware of the activity. An employer is aware of an employee's protected activity when he learns of an employee action that he understood or should have understood to be opposition against a Title VII violation. When determining whether the employer should have understood the nature of the employee's action, courts examine not just the employee's complaint but also the factual context that is known to the employer.

*Strothers v. City of Laurel*, 895 F.3d 317, 336 (4th Cir. 2018) (citations omitted).

Randa does not dispute that neither John Bruce nor Duffy had knowledge of her discrimination complaint to Jackson, and her generalized complaints about her evaluation did not alert them that she thought they discriminated against her in violation of Title VII. While Randa cites to our prior decision in *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994), for the proposition that her complaint to Jackson establishes the USAO's knowledge of her protected activity, we have since clarified that the focus must be on whether the relevant decision makers were aware of an employee's protected activity. *See, e.g.*, *Holland*, 487 F.3d at 218; *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 444 (4th Cir. 1998), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Dowe v.*

---

[2] Because Randa failed to establish she was meeting the USAO's legitimate performance expectations, we need not address the district court's alternative holding that she failed to establish pretext.

*Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998).

Jackson was not the relevant decision maker in this case.

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*